*E-filed 1/4/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TERRY PASKAL,

    Plaintiff,

v.

INDALEX, INC. et al,

    Defendants.

Case No. C07-05447 HRL

ORDER ON PLAINTIFF'S MOTION TO REMAND

Re: Docket No. 6

    Plaintiff Terry Paskal sued Indalex[1] in state court alleging fraud and wrongful termination. While working for Indalex in Canada, Paskal was offered a position as general manager at the company's Watsonville, California plant. He alleges that Indalex assured him that the Watsonville plant was stable and encouraged him to relocate his family. In 2005, Paskal sold his Alberta home, purchased a house in Watsonville, and relocated his family. In early 2007, Indalex closed the Watsonville plant and terminated Paskal.

    Indalex removed the case on the basis of diversity jurisdiction. It claims that the amount in controversy exceeds $75,000,[2] that Paskal is a Canadian citizen, and that Indalex is not a

---

[1] Although there are multiple defendants, for convenience, they are here usually referred to in the singular as "Indalex."

[2] Plaintiff does not dispute that the amount in controversy exceeds $75,000.

citizen of California. Paskal now moves to remand this case to the Superior Court of the County of Santa Cruz and seeks attorney's fees under 28 U.S.C. § 1447(c).[3]

## LEGAL STANDARD

In any case where subject matter jurisdiction depends on 28 U.S.C. § 1332, there must be complete diversity of the parties; that is, all plaintiffs must be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A removal on the basis of diversity is not permitted if any of "the parties in interest properly joined and served as defendants [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b). The defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citations omitted).

Diversity jurisdiction may exist in certain cases involving foreign parties. 28 U.S.C. §1332(a) (diversity requirement met between "citizens of a State and citizens or subjects of a foreign state" and between "citizens of different States and in which citizens or subjects of a foreign state are additional parties"). However, there is no jurisdiction in cases involving an alien plaintiff suing an alien defendant, even if there are citizen defendants present. *Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294-95 (9th Cir. 1989); *Cheng v. Boeing, Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983), cert. denied, 464 U.S. 1017 (1983).

## DISCUSSION

**I.      Plaintiff's Motion for Remand**

To begin, the court must determine the citizenship of Paskal and Indalex. If the parties are diverse, then it will be necessary to consider the effect of the contested joinder of a non-diverse defendant in an amended state court pleading.

---

[3] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that this matter may be heard and finally adjudicated by the undersigned.

A. Citizenship of Paskal and Indalex

1. Paskal

Plaintiff's complaint alleges that he is a California citizen based on his ownership of property here. Defendant argues that Paskal is a Canadian citizen. At the hearing on this motion, the court inquired as to Plaintiff's domicile during the relevant time periods. Based on the candid responses of Plaintiff's attorney, it cannot be seriously disputed that for diversity purposes Paskal is a Canadian citizen.

2. Indalex, Inc.; Indalex Holding Corp.; Indalex, Ltd.

A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The Ninth Circuit test for determining principal place of business is the "total activities test." Combining the "nerve center" and the "place of operations" tests, a corporation will be deemed a citizen of a state if its activities are centralized in that state (e.g., where the physical operations are predominantly located). But when the corporation's activities are more dispersed, courts should utilize the "nerve center test" (i.e., typically the location of the corporate headquarters).

Defendant's removal papers state that Indalex, Incorporated ("I-INC") and Indalex Holding Corporation ("I-HC") were both incorporated in Delaware and have their principal places of business in Illinois. The papers also assert that Indalex, Limited ("I-LTD") is incorporated in and has its principle place of business in Ontario, Canada. Plaintiff's motion contends that I-INC has its principal place of business in California (arguing for application of the "no removal by a forum defendant rule). However, there is no support in the record for such a claim and accordingly I-INC and I-HC are deemed citizens of Delaware and Illinois.

The citizenship of I-LTD was not addressed by Paskal and the court sees no reason to dispute the assertion of Defendant that it is a citizen of Canada.[4] Because I-LTD and Paskal are

---

[4] In fact, neither party cited *Faysound* or *Boeing*, which may explain their confusing positions with respect to citizenship. Given the lack of briefing and the fact that the caselaw on this point is a bit murky, the court includes an alternative basis for deciding this motion.

3

both Canadian citizens, this case fits squarely into *Faysound*: an alien plaintiff suing an alien defendant along with citizen co-defendants. 878 F.2d at 294-95. As such, no jurisdiction exists to keep this case in federal court and the motion to remand is GRANTED. *Id.* However, as noted previously, the court now considers an alternative basis for remand.

### B. Additional Defendant Basilotta

On October 24, 2007, Paskal filed a First Amended Complaint ("FAC") in the Santa Cruz Superior Court ("state court"). The FAC adds Plaintiff's supervisor, Lee Basilotta, as a defendant. Basilotta is a citizen of California. Defendant says that the FAC is defective because it was filed after Indalex filed an answer in state court. (Once the answer is filed, state court rules require leave of court before an amended complaint may be filed. Paskal did not secure such leave).

#### 1. Which is the operative pleading?

The FAC and the answer were filed in state court on the same day. Neither party has established which pleading was filed first.[5] Both the FAC and the answer are now filed on the state court docket. Because this court is to construe the removal statutes strictly, the ambiguity concerning which pleading was filed first should be resolved in favor of remanding the case to state court. *Gaus*, 980 F.2d at 566-67. Especially where Indalex has failed to establish beyond a preponderance of evidence that it won the "race to the courthouse." *See id.*

Furthermore, once removal is effected, all "orders[] and other proceedings had in such action [i.e., the state court] prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Because the clerk permitted the FAC to be filed (even if, perhaps, erroneously) and because there was no order striking the FAC prior to removal, this court must take the action as it stood in the state court. Accordingly, the FAC is the operative pleading.

---

[5] Defendant says that its answer was filed around 11:00 a.m. Plaintiff does not provide a time for filing, but his counsel declares that before filing the FAC the clerk informed him than an answer was not currently filed on the electronic docket.

4

### 2. Is Basilotta a "Sham Defendant"?

Defendant next argues that, even if the FAC is deemed the operative pleading, the case should stay in federal court because Basilotta is a so-called "sham defendant." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002) (a court may ignore a defendant's citizenship if the party was fraudulently joined for the sole purpose of defeating subject matter jurisdiction). A defendant is a sham only if the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).

The FAC alleges fraud claims, negligent misrepresentation, and intentional infliction of emotional distress against Basilotta. Indalex argues, but has not demonstrated, that under well-settled California law Paskal could not possibly prevail against Basilotta. *See United Computer Systems*, 298 F.3d 756 at 761-62. As to the misrepresentation claims, an agent (Basilotta) could be found personally liable along with his principal (Indalex). And, while it is true that the emotional distress claim does not currently allege the requisite "extreme or outrageous conduct," Paskal would certainly be given leave to amend the complaint to cure such a defect. *See Nickelberry v. DaimlerChrysler Corp.*, 2006 WL 997391, *1-2 (N.D.Cal.).

### 3. Was Basilotta Served Prior to Removal?

As a properly named defendant, this court must finally consider whether Basilotta's inclusion requires a remand to state court. As a citizen of California, his presence in the suit does not destroy diversity (Paskal is a citizen of Canada). It is Basilotta's status as a "local defendant" which may require remand. However, such a result is compelled only if he was served prior to the removal being effected. *Spencer v. U.S. District Court for N.D. Cal. (Altec Industries, Inc.)*, 393 F.3d 867, 870-71 (9th Cir. 2004). This is because the forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed. *Id.* Here, Indalex filed the copy of the notice of removal in state court two days after Basilotta was served with the summons. *See* 28 U.S.C. § 1446(d). Therefore, the rule prohibiting forum defendant removal applies and the motion to remand is GRANTED on this alternative basis.

## II. Plaintiff's Request for Attorneys' Fees

Paskal requests an award of attorney's fees and costs incurred as a result of Indalex's allegedly improper removal. 28 U.S.C. § 1447(c). This court has a "great deal of discretion" to determine whether costs and fees should be awarded under this provision. *Morris v. Bridgestone / Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Defendant's arguments, Indalex's removal was not frivolous, nor was it motivated by bad faith. The Court therefore declines to exercise its discretion to award Paskal's fees and costs. Accordingly, Paskal's request for costs and fees is DENIED.

## CONCLUSION

Because this motion to remand is GRANTED, the Case Management Conference scheduled for February 12, 2008 is VACATED. The case is remanded to the Superior Court for County of Santa Cruz. The Clerk shall close this court's file.

**IT IS SO ORDERED.**

Dated: 1/4/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:


David Y. Imai davidimai@sbcglobal.net

Jason Wade Kearnaghan jkearnaghan@sheppardmullin.com

Tracey Adano Kennedy tkennedy@sheppardmullin.com

Kevin Michael Rivera krivera@sheppardmullin.com


Dated: 1/4/08

/s/ KRO

Chambers of Magistrate Judge Howard R. Lloyd